UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES LIONEL HOWERTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:12CV01582 AGF |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's motion to dismiss Plaintiff's pro se complaint for judicial review of Defendant's denial of Plaintiff's application for disability benefits under Title II of the Social Security Act.  Defendant argues that the complaint must be dismissed because of Plaintiff's failure to file it within the statutorily required time.  For the reasons set forth below, the motion shall be granted.

## BACKGROUND

The record establishes the following.  On June 22, 2011, an administrative law judge ("ALJ") issued an order denying Plaintiff's application for benefits.  By notice dated September 19, 2011, the Appeals Council of the Social Security Administration informed Plaintiff that his request for review of the ALJ's decision was denied.  The notice advised Plaintiff that he had 60 days from the date of receipt of the notice to seek judicial review by filing a complaint in a United States district court.  The Appeals Council also informed Plaintiff that the notice would be presumed to be received five

days after its date.

Plaintiff filed his action pro se in this Court on August 29, 2012, almost nine months after the date of the Appeals Council's notice of the denial to review the ALJ's decision. In his complaint and in another pleading, he asserts that when he filed his request for review with the Appeals Council, he thought he was filing a request for judicial review by the federal court. He states further that after the Appeals Council denied his request, he contacted an attorney who told him it was too late to seek judicial review. He asserts that he does not understand paper work and "didn't know what [he] was doing."

Defendant asserts that Plaintiff did not request an extension of time from the Appeals Council to file his civil action and that the action is time barred. Plaintiff has not filed a response to Defendant's motion to dismiss, and his time to do so has now passed.

## DISCUSSION

The Social Security Act provides for judicial review of a final decision of the Commissioner by "a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The Commissioner's regulations provide as follows:

> "Any civil action [for judicial review] must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the [ALJ's] decision or notice of the decision by the Appeals Council is received by the individual . . . except that this time may be extended by the

2

> Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary."

20 C.F.R. § 422.210(c).

The timeliness of a complaint for judicial review under 42 U.S.C. § 405(g) is a statute of limitations and not a jurisdictional question. *Bowen v. City of New York*, 476 U.S. 467, 478 (1986). Statutory tolling has been allowed when the plaintiff "has actively pursued his judicial remedies by filling a defective pleading during the statutory period, or *where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass*." *Medellin v. Shalala*, 23 F.3d 199, 204 (8th Cir. 1994) (citation omitted). "Generally, equitable circumstances that might toll a limitations period involve conduct (by someone other than the claimant) that is misleading or fraudulent." *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1998). Such circumstances do not include ignorance of one's legal rights. *Id.*

Here, there has been no showing that would justify statutory tolling. Plaintiff has not alleged that he filed a defective pleading within the statutory time limit or that he was tricked into letting the deadline pass. His pro se status or general lack of legal knowledge is not an adequate basis to warrant equitable tolling. *See Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004); *Cupp v. Astrue*, No. 4:10CV00498 DSJ/TCM, 2010 WL 5564635, at *2 (E.D. Mo. Oct 25, 2010), Report & Recommendation adopted by 2011

WL 92029 (E.D. Mo. Jan 11, 2011).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss Plaintiff's complaint is **GRANTED.**

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 31st day of December, 2012.